# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46814

| | |
|---|---|
| In the Interest of: Jane Doe II, A Child Under Eighteen (18) Years of Age. | ) ) |
| JOHN DOE and JANE DOE I, | ) ) ) |
| Petitioners-Respondents, | ) ) ) |
| v. | ) ) ) |
| JANE DOE (2019-07), | ) ) ) |
| Respondent-Appellant. | ) ) ) |

Filed: June 4, 2019

Karel A. Lehrman, Clerk

THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY

Appeal from Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Andrew Ellis, Magistrate.

Judgment terminating parental rights, affirmed.

Anthony R. Geddes, Ada County Public Defender; Joshua M. Wickard, Deputy Ada County Public Defender, Boise, for appellant.

Law Alternatives, PLLC; Brooke A. O'Neil, Boise, for respondents.
_____

HUSKEY, Judge

Jane Doe appeals from the magistrate's judgment terminating her parental rights. Doe argues the magistrate erred when it terminated her parental rights. Because substantial and competent evidence supports the magistrate's findings that Doe neglected her child and termination was in the child's best interests, we affirm the magistrate's judgment terminating Doe's parental rights.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Doe is the mother of M.T. After the birth of M.T. on January 5, 2016, Doe and M.T. moved in with foster mom. Within weeks, Doe moved out of foster mom's house and placed M.T. in the care of Doe's biological grandparents. In April of 2016, Doe gave foster mom a power of attorney to make decisions regarding the care of M.T. M.T. continued to live with

1

Doe's grandparents for the first year of her life, with occasional overnight visits to foster mom's home. In January 2017, Doe and M.T. moved back in with foster mom. Sometime in February 2017, Doe moved out of foster mom's residence, but left M.T. in foster mom's care.

Around the time Doe moved out, Doe requested that foster mom obtain guardianship of M.T. Foster mom sought and was granted temporary guardianship of M.T. on February 10, 2017. However, when the trial for permanent guardianship began in July 2017, Doe contested the guardianship petition. Foster mom was granted guardianship of M.T. on July 31, 2017.

On August 22, 2017, Doe was sentenced to incarceration for a period of fourteen months for violating the terms of her probation. Foster mom and her husband[1] filed a petition for termination and adoption on May 17, 2018, while Doe was incarcerated. A trial was held on January 22, 2019.[2]

The magistrate determined there was clear and convincing evidence for grounds to terminate the parental rights of Doe to her child. The magistrate found that although Doe did not abandon M.T., Doe neglected M.T. In addition, the magistrate concluded it was in the best interests of M.T. to terminate the parental rights of Doe. On February 20, 2019, the magistrate entered its final judgment to terminate the parental rights of Doe. Doe timely appeals.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id.* Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a

---

[1] Foster mom and her husband are the respondents in this case; Jane Doe I and John Doe, respectively.

[2] A default was entered against the father of M.T. due to his failure to appear and his failure to file a responsive pleading.

court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *Doe v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

### III.

### ANALYSIS

#### A.    The Magistrate Did Not Err When It Found Doe Neglected Her Child

Doe argues the magistrate abused its discretion when it determined Doe neglected M.T. Doe claims neglect requires a child to be without proper parental care, and thus, does not apply to this case since foster mother continues to provide care for M.T. as her legal guardian. Doe

3

also argues the superior guardianship rights of foster mom were an obstacle to Doe's ability to parent M.T. The State responds that Doe neglected her child before and during incarceration, and also failed to care for the medical needs of M.T.

Idaho Code Section 16-2002(3)(a) defines "neglect" as any conduct included in I.C. § 16-1602(31). Section 16-1602(31)(a) provides, in pertinent part, that a child is neglected when the child is without proper parental care and control, or subsistence, medical or other care or control necessary for his or her well-being because of the conduct or omission of his or her parents, guardian, or other custodian or their neglect or refusal to provide them.

The magistrate did not err when it found Doe had neglected M.T., and as a result, it was in the best interests of M.T. to terminate Doe's parental rights. The magistrate explained that within weeks of M.T.'s birth, Doe placed M.T. in the care of Doe's biological grandparents. Doe was not involved in parenting, and the grandparents engaged in full-time care and control of M.T. The magistrate found that when Doe moved back in with foster mom, it was foster mom who was responsible for the parenting and financial obligations for M.T. Soon after, Doe violated the terms of her probation and spent fourteen months in jail, preventing Doe from providing a safe home environment for M.T.

The magistrate found Doe failed to consistently provide M.T. with the parental care necessary for the child's health, safety, and well-being. Doe showed little ability or interest in parenting prior to Doe's incarceration. M.T. was left in the care of Doe's grandparents or foster mom, who provided financial support for M.T. In addition, M.T. has significant medical needs, and the magistrate concluded Doe failed to demonstrate an understanding of or an ability to manage these special needs.

On appeal, Doe contends the magistrate erred because the definition of neglect requires that a child is without proper parental care and control. According to Doe, M.T. could not have been neglected because foster mom provided the equivalent of "parental care," even if Doe was absent from a parenting role. We disagree because Doe misinterprets the meaning of neglect. The inquiry is not whether an adult other than Doe provided care, but instead, whether Doe provided the necessary care.

In accordance with I.C. § 16-2002(3)(a), this Court must analyze neglect as it relates to Doe, without considering the care provided by others. The question is whether, due to the conduct or omission of Doe, M.T. is without proper *parental* care and control, or subsistence,

medical, or other care or control necessary for her well-being. I.C. § 16-2002(3)(a). Here, Doe's conduct left M.T. without proper parental care for significant periods of time, which supports the magistrate's finding that Doe neglected M.T.[3]

Additionally, Doe argues the superior guardianship rights of foster mom were an obstacle to Doe's ability to parent M.T. Doe claims the actions of foster mom prevented Doe from undertaking the normal duties of parenting. In her brief, Doe fails to explain how and to what extent foster mom inhibited Doe's parenting ability. Doe similarly does not direct this Court to any evidence in the record to support her conclusions. The only potentially relevant evidence comes not from Doe, but from the magistrate's findings regarding abandonment, wherein the magistrate concluded that Doe had shown just cause for failing to maintain regular personal contact with M.T. The magistrate explained that although Doe never attempted to see M.T., Doe was incarcerated and was forced to coordinate any contact through foster mom who was within her authority to prohibit such contact. Foster mom thereby, according to the magistrate, provided an obstacle for Doe to maintain regular contact. However, the magistrate's analysis dealt only with the question of abandonment, which is not at issue on appeal. The only applicable issue on appeal is whether the magistrate erred when it found that Doe neglected M.T. As discussed above, Doe has not shown how the magistrate erred in its conclusion that Doe neglected M.T. before or during Doe's incarceration.

**B.     The Magistrate Did Not Err When It Found That Termination of Doe's Parental Rights Were in the Best Interests of M.T.**

Doe also asserts the magistrate erred when it determined that termination was in the best interests of the child. Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the

---

[3]     Within her argument, Doe claims that because foster mom was granted guardianship of M.T., Doe was neither expected nor required to provide parental care and control, subsistence, education, medical, or any other care necessary for the well-being of the child. Although it may be true Doe was not legally responsible, Doe cannot both object to the termination of her parental rights while simultaneously arguing she is not expected or required to provide parental care to her child.

5

child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

According to Doe, the magistrate erred because it ignored Doe's progress while incarcerated and upon her release from prison. We disagree. The magistrate determined there was clear and convincing evidence that termination of Doe's parental rights would be in the best interests of M.T. The magistrate explained that foster mom and her husband were M.T.'s only caregivers since February 2017, and M.T. relied on them exclusively for emotional and physical support. M.T. made face-to-face contact with Doe only one time since February 2017, and the magistrate concluded it would be disruptive to reintroduce Doe into M.T.'s life. In addition, the magistrate found that Doe never demonstrated the ability to be a safe, stable, and full-time parent to M.T. Doe instead committed crimes and abused substances. Doe does not dispute any of the magistrate's findings and fails to indicate how the magistrate's analysis ignored Doe's progress or how such progress would be determinative in this case.

Doe also claims the magistrate failed to follow the legal standard that requires a presumption in favor of reunification. However, the magistrate clearly presented the proper standard of review and ruled according to that standard. Furthermore, while Doe suggests that the magistrate indicated the only option was to "either terminate rights or return the [sic] M.T. to her mother," the record suggests otherwise. The magistrate explained:

> The court is aware that [foster mom] has a guardianship of [M.T.] and a dismissal of this termination of parental rights petition would not disturb the guardianship. But [Doe] stated that it is her goal to next contest the guardianship with the plan of reunification with [M.T.]. The court concludes that there is an unacceptable risk to [M.T.] of neglect and homelessness if [M.T.] were reunified with [Doe].

We are not persuaded by Doe's arguments on appeal. The magistrate's findings are supported by the record, and Doe has not shown error. Thus, there was clear and convincing evidence that the termination of Doe's parental rights would be in the best interests of M.T.

## IV.

### CONCLUSION

Because substantial and competent evidence supports the magistrate's findings that Doe neglected M.T. and termination was in M.T.'s best interests, we affirm the magistrate's judgment terminating Doe's parental rights.

Chief Judge GRATTON and Judge BRAILSFORD **CONCUR**.